*1158 OPINION.
Murdock:
The amount of the deduction in controversy in each of these cases is not more than one-half of $9,749.84, the amount disallowed by the Commissioner. This is claimed as an “indemnity or underwriting loss” in the assignments of error. The participants in the two syndicates acted for themselves, not as guarantors for others. They agreed to purchase up to a specified number of shares of stock and that is what they did. They did not guarantee or indemnify anyone. The cases cited by the petitioners relating to guarantee and indemnity contracts, where the guarantor has to pay the debt of another, are not at all in point.
The above really disposes of the only issue raised by the pleadings. The petitioners also argue in their briefs that these syndicates were associations taxable as corporations and the participants had losses upon dissolution. This could be denied because it was not placed in issue by the pleadings. But it is without merit in any event. The syndicates bore little resemblance to and never professed to be corporations. They had nothing equivalent to stock, held no regular meetings, provided for no transfer of interests, held title to no property as far as the record shows, and did not in fact limit the liability of the participants to the number of shares each agreed to purchase. Cf. Morrissey v. Commissioner, 296 U. S. 344; Commissioner v. Whitcomb Coca-Cola Syndicate, 95 Fed. (2d) 596, affirming 35 B. T. A. 1031; Harry E. MacConaughey, 41 B. T. A. 408; American Cities Power & Light Corporation, 38 B. T. A. 74; E. L. Cord, 38 B. T. A. 1372; Pierre S. duPont, 37 B. T. A. 1198; affd., 118 Fed. (2d) 544.
The determination of the Commissioner is supported by the statute and decisions. Section 1001 (a) (3) of the Eevenue Act of 1936 defines “partnership” to include a syndicate, pool, group, and joint venture. This syndicate was like a partnership in many respects. Section 113 (a) (13) provides that property distributed in kind to a partner takes as a basis in the hands of the partner an allocable part of the basis for his interest in the partnership. Since this was a complete liquidation of the partnership, the shares would take the entire basis. No gain or loss is recognized under such circumstances until the stock is sold. Annie Laurie Crawford et al., Executors, 39 B. T. A. 521; Regulations 94, art. 113 (a) (13)-2.

Decision will be entered, for the respondent.